# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-3058-CR-RTD |
| ROBERT W. JONES, | ) ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the issue of the defendant's competency to stand trial. On October 16, 2012, at the request of the defendant, the Court ordered a psychological evaluation. David Szyhowski, Psy.D, Clinical Psychologist at the Metropolitan Correctional Center in Chicago, Illinois, evaluated the defendant. Dr. Szyhowski's report was submitted to the Court on March 19, 2013. At the defendant's request, and with leave of court, a second psychological evaluation was conducted by Kenneth W. Franks, Ph.D., Clinical Psychologist. Defense counsel submitted Dr. Franks's report to the Court at a hearing held on October 17, 2013, on the questions whether 1) defendant is competent to stand trial pursuant to 18 U.S.C. § 4241, and (2) at the time of the alleged offense, the defendant was able to appreciate the nature and quality of the wrongfulness of his acts, pursuant to 18 U.S.C. §4242. Defendant appeared in person with counsel.

After thorough evaluation, both Drs. Szyhowski and Franks opined that the defendant does not suffer from a mental illness which would preclude his ability to understand the nature and potential consequences of the charges against him, and he possesses the ability to assist

properly in his defense. They unanimously concluded that the defendant is competent to stand trial.

Regarding the question whether the defendant understood the nature and quality of the wrongfulness of his acts at the time of offense, Dr. Szyhowski unequivocally opined:

> [T]here is no indication that he was suffering from any form of mental disease or defect that impacted his ability to appreciate the nature and quality, or wrongfulness of his actions. There is an indication that the defendant had an active diagnosis of Posttraumatic Stress Disorder (PTSD) and Alcohol Dependence, but his symptoms during the times of the alleged offense did not appear to have a significant impact on his offense related behaviors at that time.
>
> Despite his diagnosis of PTSD, several pieces of information suggested he was suffering from no severe mental diseases or defect that significantly impacted his capacity to appreciate the nature, quality, and wrongfulness of his actions.

Dr. Franks did not make an unequivocal statement regarding the defendant's ability to understand the nature and quality of the wrongfulness of his acts at the time of the offense. Dr. Franks determined that the defendant suffers from PTSD and Depressive Disorder. Dr. Franks opined:

> The defendant's mental disorder does not include psychotic symptoms. He has the ability to differentiate what is real from what is not. He does not qualify for a finding of not guilty by reason of mental disease or defect. He is competent to stand trial.

Dr. Franks also determined, however, that the defendant's "criminal responsibility was diminished by his severe mental disorder." Dr. Franks continued:

> In my professional opinion, the defendant's severe mental disorder contributed to his offense behavior.
> […]
> In my opinion, the defendant would not have committed the alleged offense if he did not suffer from depression and Post Traumatic Stress Disorder.

Despite Dr. Franks's opinion that the defendant's mental disorders contributed to his actions, Dr. Franks did not opine that the defendant was impaired in his ability to appreciate the

nature, quality, or wrongfulness of the alleged offenses, which is the standard set forth 18 U.S.C. § 17.

Based upon the opinions of Drs. Szyhowski and Franks, which was the only evidence before the Court on the question of competency, the undersigned respectfully **RECOMMENDS** that Defendant Robert W. Jones be declared competent to stand trial, and be declared to have been capable of appreciating the nature and quality of the wrongfulness of his acts at the time of the commission of the acts constituting the alleged offense.

**IT IS SO ORDERED.**

**DATED:  October 18, 2013**

                                              /s/ *David P. Rush*
                                            **DAVID P. RUSH**
                                            **United States Magistrate Judge**